UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRINA M. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-355-JD |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff Trina M. Cox appeals the Commissioner's decision to deny disability benefits. She filed this action on September 19, 2018. [DE 1] On February 5, 2019, the Court referred the case to Magistrate Judge Susan L. Collins for a report and recommendation, pursuant to General Order 2018-14A, 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b). [DE 16] After receiving the parties' briefs, Magistrate Judge Collins issued her report and recommendation on August 15, 2019, recommending that the Court reverse the decision of the Commissioner and remand the case for further proceedings. [DE 22] To date, no party has filed an objection to the report and recommendation.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

1

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objections have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected-to portions for clear error. *Id*. In addition, failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen (14) days of being served with a copy of the same, and the Magistrate Judge alerted the parties to these requirements in her filing. [DE 22 at 17] More than fourteen days have passed since the parties were served with Magistrate Judge Collin's report and recommendation and no party has filed an objection. Consequently, the Court considers there to be no objections to it.

Having reviewed the report and recommendation, the Court finds no clear error therein. At the administrative level, the ALJ determined that Ms. Cox was not disabled following two administrative hearings. Following the first administrative hearing, United States Magistrate Judge Paul R. Cherry determined the ALJ's decision was not supported by substantial evidence and remanded Ms. Cox's case to the Commissioner. Following the ALJ's second unfavorable decision finding that Ms. Cox was not disabled, Ms. Cox appealed to this court.

After consideration of the entire record, the ALJ found that Ms. Cox had the residual functional capacity to perform light work that was limited to simple repeated routine tasks that

did not require public contact and no more than occasional contact with coworkers and supervisors. On appeal before this Court, Ms. Cox challenges the ALJ's failure to conform with Judge Cherry's Opinion requiring the ALJ to address a psychological consultative exam performed on June 5, 2013, by state agency physician Caryn Brown, Psy. D. HSPP, and the Global Assessment of Function ("GAF") scores of 50 assigned by Dr. Brown and Dr. Khan. The Magistrate Judge found that the ALJ did not address the psychological exam or the GAF scores when assessing Ms. Cox's capabilities, and the Court agrees.

As outlined in the Magistrate Judge's report and recommendation, absent "compelling grounds for departure from" Judge Cherry's decision, the ALJ was not free to ignore these deficiencies on remand. *Macklin v. Colvin*, No. 1:13-CV-00020-JMS, 2013 WL 5701048, at *4 (S.D. Ind. Oct. 18, 2013) (citation and internal quotation marks omitted). The ALJ ignored Judge Cherry's explanation as to why the ALJ's analysis following the first hearing was insufficient and failed to consider new evidence presented in the second hearing. The ALJ also failed to consider Ms. Cox's GAF scores or how much weight she assigned them. As a result of this, the Magistrate Judge concluded that the ALJ violated the law of the case doctrine in failing to assess the psychological exam report and the assigned GAF scores for Ms. Cox. The Magistrate Judge also found that the ALJ's analysis was flawed because she failed to assess evidence contrary to her conclusions.

And so, for all these reasons, the Court **ADOPTS** the report in its entirety and incorporates the Magistrate Judge's recommendations into this Order. Accordingly, the Court REVERSES the decision of the Commissioner and REMANDS the case to the Commissioner for further proceedings in accordance with the Magistrate Judge's Report and Recommendation. The clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED: October 15, 2019

                                              /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court